Filed 12/23/25  P. v. Ayala CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME TIRSO AYALA, JR.,<br><br>    Defendant and Appellant. | H051894<br>(Monterey County<br>Super. Ct. No. 23CR000219) |

A jury convicted defendant Jaime Tirso Ayala, Jr., of one count of annoying or molesting a child while having sustained a prior sex crime conviction.  After granting Ayala's motion to dismiss one of his two prior strike convictions, the court sentenced Ayala to 12 years in prison:  the upper term of six years, doubled for Ayala's remaining prior strike.

Ayala argues the sentencing court violated Penal Code section 1170, subdivision (b)(2)[1] (hereafter section 1170(b)(2)) by considering an aggravating circumstance not proven at trial, and the error prejudiced him.  We agree, and therefore we will remand for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A 14-year-old girl told other girls at a sleepover that Ayala made her feel uncomfortable by making comments toward her and instances in which he touched her.  These girls disclosed that Ayala had engaged in similar actions toward them that made

_____

[1] Unspecified statutory references are to the Penal Code.

them feel uncomfortable. The alleged actions took place at the church the girls attended. Ayala lived at the church and operated the church's audio system. Ayala's criminal history included convictions in 1995 for lewd acts upon a child, and in 2015 for dissuading a witness from testifying.

The prosecution charged Ayala by amended information with 10 counts of various offenses concerning five minor girls. The amended information alleged Ayala had suffered two prior strike convictions (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)), and as to two counts, it alleged Ayala had suffered a prior sex offense conviction (§ 667.51, subd. (a)). The amended information also alleged five circumstances in aggravation: (1) the victims were particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)); (2) the manner in which Ayala carried out the offenses indicated planning, sophistication, and professionalism (*id.*, rule 4.421(a)(8)); (3) Ayala took advantage of a position of trust and confidence to commit the offenses (*id.*, rule 4.421(a)(11)); (4) Ayala had served a prior prison term (*id.*, rule 4.421(b)(3)); and (5) Ayala was on probation or parole when he committed the offenses (*id.*, rule 4.421(b)(4)).

A jury convicted Ayala of a single count of annoying or molesting a child by squeezing and rubbing a girl's thigh (§ 647.6, subd. (c)(2)). The jury acquitted Ayala on two counts and could not reach a verdict on the remaining counts.

Ayala waived his right to a jury trial concerning the alleged enhancements and aggravating circumstances. The trial court found Ayala had suffered two prior strike convictions. The prosecution stated it was not proceeding on the allegation that the victim was particularly vulnerable. The trial court found three of the four remaining aggravating circumstances true: Ayala took advantage of a position of trust and confidence to commit the offense; Ayala had served a prior prison term; and Ayala was on probation or parole when he committed the offense. The trial court found not true the allegation that the manner in which Ayala carried out the offense indicated planning, sophistication, and professionalism.

2

At sentencing, the court granted Ayala's *Romero* request[2] to dismiss one of his two prior strike convictions. The prosecutor argued that the court should impose the upper term, stating the court had found two aggravating circumstances true: Ayala took advantage of a position of trust or confidence and Ayala was on probation or parole when the crime was committed. The court responded: "I think that the Court actually found a third factor in aggravation, and that was Factor 4.421(a)(3), that the victim was particularly vulnerable." The court asked the parties if they disagreed with this recollection. Ayala's counsel responded: "No, your Honor, I do believe that's accurate." Ayala's counsel argued a sentence to the middle term was appropriate.

The court stated that it gave "great deference" to mitigating information contained in Ayala's *Romero* request in dismissing one prior strike, and it stated that "were it not for that mitigating information, Mr. Ayala would be sentenced to 25 years to life because that would be the only way the Court believes that children could be protected." After discussing Ayala's risk of reoffending, the court stated: "There is a great difference between a sentence of 25 years to life and a sentence of 12 years. The Court had no other -- no options in between those two options, and the Court could certainly see that there would be a justification, and that the interests of justice may even better be served by a sentence greater than 12 years, albeit the Court does stand by its ruling in the *Romero* motion, that 25 years to life in this particular case, given the mitigating circumstances that have been discussed at length, that the 25 years to life may not be in the interest of justice." Thus, the trial court sentenced Ayala to the upper term of six years, doubled due to the prior strike.

This appeal timely followed.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

3

## II. DISCUSSION

Ayala argues that the sentencing court's erroneous reliance on the vulnerable victim circumstance requires reversal and remand for resentencing. Ayala bases this argument on section 1170(b)(2), which states that the court may only sentence a defendant to the upper term based on aggravating circumstances the defendant stipulates to or that are found true beyond a reasonable doubt at trial. Ayala argues the error prejudiced him because the trial court relied on the vulnerable victim aggravating circumstance in selecting a sentence. If this court finds this issue is forfeited, Ayala asserts that he received ineffective assistance of counsel.

The Attorney General contends Ayala forfeited his claim because he not only failed to object at sentencing but "affirmatively agreed" the vulnerable victim aggravating circumstance was found true at trial. The Attorney General asserts Ayala did not receive ineffective assistance of counsel because he was not prejudiced by his counsel's action. On the merits, the Attorney General argues that the sentencing court's error in citing the vulnerable victim aggravating circumstance was harmless.[3]

### A. *Legal Principles*

Under the Sixth Amendment to the United States Constitution, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt . . . ." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) "Virtually 'any fact' that ' "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" ' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea). [Citations.]" (*Erlinger v. United States* (2024) 602 U.S. 821, 834.)

---

[3] This court requested and considered supplemental briefing on two issues: should this court decline to apply forfeiture to Ayala's claim, and what effect does a recent California Supreme Court decision have as to whether the sentencing court's error was harmless beyond a reasonable doubt.

4

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170(b) to make the middle term of a sentencing triad the presumptive sentence. (Stats. 2021, ch. 731, § 1.) As amended, section 1170(b)(2) provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Rule 4.421 of the California Rules of Court lists aggravating circumstances the sentencing court may consider if section 1170(b)(2) is satisfied.

Under the current version of section 1170(b)(2), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*People v. Lynch* (2024) 16 Cal.5th 730, 768 (*Lynch*).) "When the trial court *actually relies* on improperly proven aggravating facts to 'justify' an upper term sentence, a Sixth Amendment violation occurs and *Chapman* [*v. California* (1967) 386 U.S. 18 (*Chapman*)] must be satisfied." (*Id.* at p. 761.)

In *Lynch*, the California Supreme Court held that the amendments to section 1170 applied retroactively to defendants whose judgments were not final on direct appeal when the amendments to section 1170(b) took effect. (*Lynch*, *supra*, 16 Cal.5th at p. 742.) In this situation, *Lynch* stated that under *Chapman*, "a sentence imposed under former section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute." (*Id.* at p. 743.) In other words, "the reviewing court must be able to conclude beyond a reasonable doubt that the jury would have found the unproven aggravating facts to be true had it been properly instructed." (*Id.* at p. 761.)

**B.** *Analysis*

**1.** *We decline to apply forfeiture.*

Ayala did not object to the trial court's consideration of the vulnerable victim allegation at sentencing. Instead, when the trial court stated its belief that the vulnerable victim allegation was found true, Ayala's counsel replied: "I do believe that's accurate."

"In general, claims not raised in the trial court may not be raised for the first time on appeal. [Citation.] This includes 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices.' [Citation.]" (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 326 (*Gonzalez*).) However, an appellate court has the authority to decline to apply the forfeiture rule. (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568.) "[W]here an otherwise forfeited claim presents an important question of constitutional law or a substantial right, the appellate court may exercise discretion to review the claim." (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1030, fn. 10.) Thus, in *Gonzalez*, this court declined to apply forfeiture to the defendant's section 1170(b) claim where the defendant did not refer to the statute at sentencing, citing the defendant's alternative claim of ineffective assistance of counsel and stating that "the application of amended section 1170, subdivision (b) implicates a constitutional right . . . ." (*Gonzalez, supra,* at p. 327.)

Ayala similarly raises a constitutional claim, asserting that the trial court's use of an aggravating circumstance not found true at trial violated the Sixth Amendment. Ayala also argues that if this claim is considered forfeited, he received ineffective assistance of counsel. Thus, we decline to apply forfeiture and exercise our discretion to reach the merits of Ayala's claim.

**2.** *Ayala was prejudiced by the trial court's error.*

The prosecution elected not to proceed on the vulnerable victim allegation before the court trial on the aggravating circumstances. Thus, the trial court did not find this alleged aggravating circumstance true. Ayala asserts that the trial court's error at

6

sentencing in relying on this aggravating circumstance was not harmless beyond a reasonable doubt. Given the heightened *Chapman* standard for assessing prejudice, we agree with Ayala.

Under the *Lynch* harmless error test, we cannot conclude beyond a reasonable doubt that the factfinder would have found true the vulnerable victim circumstance. The evidence concerning the count of which Ayala was convicted consisted of a girl's testimony that Ayala placed his hand on her thigh and kept it there as she wrote down songs to be performed at that day's service. She testified that she "was sitting in front of the church" when this occurred. The girl was 14 years old at the time, while Ayala was 46 years old. As the defense elicited on cross-examination, this incident took place in the church's sanctuary before the service started, and people would start showing up before the service started.

" ' "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." [Citation.] . . . "Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts," ' with the victim's particular vulnerability being one example." (*Lynch*, *supra*, 16 Cal.5th at pp. 775-776.) Under this aggravating circumstance, "a 'particularly vulnerable' victim is one who is vulnerable 'in a special or unusual degree, to an extent greater than in other cases. Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act.' " (*People v. Bloom* (1983) 142 Cal.App.3d 310, 321 (*Bloom*).) Despite the church setting and the difference in age between Ayala and the girl, "[t]he record . . . does not reflect such a clear-cut instance of victim vulnerability that we confidently can conclude the [factfinder] would have made the same findings, as might be the case if, for example, the victims had been elderly, very young,

7

or disabled, or otherwise obviously and indisputably vulnerable." (*People v. Sandoval* (2007) 41 Cal.4th 825, 842, abrogated on other grounds in *Lynch*, *supra*, at p. 759.)

The prosecution elected not to proceed on the vulnerable victim allegation, and thus Ayala had no occasion to bring any evidence contesting this alleged aggravating circumstance. The prosecution introduced no proof relevant to this aggravating circumstance other than the disparity in age between Ayala and the victim and the church setting. In this situation, we cannot conclude beyond a reasonable doubt that the trial court as factfinder would have found the vulnerable victim aggravating circumstance true.

Because *Lynch* involved a situation in which amended section 1170(b)(2) was not in effect at the time of sentencing, the Attorney General argues that the proper test for prejudice is "whether there is a reasonable probability the sentence would have been more favorable to defendant if the trial court had not relied on the erroneous considerations (i.e., the vulnerable victim circumstance)." The Supreme Court in *Lynch* rejected "a second-tier prejudice analysis that considers whether the record shows beyond a reasonable doubt that the trial court would have imposed the same sentence based on a subset of aggravating facts that were either properly proven or that we can conclude would have been found true by the jury beyond a reasonable doubt." (*Lynch*, *supra*, 16 Cal.5th at p. 769, fn. 18.) The court in *Lynch* stated: "[W]hen a defendant is deprived of the Sixth Amendment's jury trial right, the high court has consistently looked to whether the record demonstrates beyond a reasonable doubt that the jury would have made the required finding, and no further. [Citations.] If the answer to that question is yes, we may find the omission harmless. If the answer is no, we will not engage in an additional hypothetical inquiry into whether we can conclude, to some degree of certainty, that the trial court would have exercised its discretion in the same manner based on a lesser subset of aggravating facts than those it actually relied on to justify an upper term sentence." (*Ibid.*)

8

However, the court in *Lynch* also relied on *People v. Gutierrez* (2014) 58 Cal.4th 1354 (*Gutierrez*) to conclude that "for sentences imposed under the former law the record must clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion." (*Lynch*, *supra*, 16 Cal.5th at p. 743; see *id.* at p. 774.) Thus, we assume without deciding that the different posture of the instant case compared to that in *Lynch* requires an examination of whether the court would have imposed the same sentence in the absence of the error. We conclude Ayala has demonstrated prejudice in this regard, regardless of whether the applicable test is whether the record "clearly indicates" the court would have imposed the same sentence absent the error, or whether it is "reasonably probable" the court would have imposed the same sentence.

The vulnerable victim allegation was not proven at trial but at sentencing the trial court specifically referenced this unproven aggravating circumstance. The court did not discuss or mention the remaining two proven aggravating circumstances even though the prosecutor argued in favor of imposition of the upper term based on the fact that Ayala took advantage of a position of trust and was on probation or parole when he committed the current offense. By erroneously including and specifically citing the vulnerable victim circumstance, the trial court appeared to focus on that aggravating factor. The vulnerable victim circumstance requires proof that "the age or physical characteristics of the victim, or the circumstances under which the crime is committed, make the defendant's act especially contemptible." (*Bloom, supra*, 142 Cal.App.3d at pp. 321-322, fn. omitted.) This aggravating circumstance was more likely to influence the court's sentencing decision because Ayala was convicted of annoying or molesting a child.

Three other aggravating circumstances were proven true at trial: Ayala violated a position of trust, had suffered a prior prison term, and was on probation or parole at the time he committed the offense. Neither the court nor the prosecutor discussed or mentioned the fact of Ayala's prior prison at the sentencing hearing. The court may not

9

have considered the prior prison term circumstance as impactful as a vulnerable victim circumstance in this case involving annoying or molesting a child. Ayala's prior prison term was imposed in 2015. He was sentenced to four years in prison after pleading no contest to one count of dissuading a witness from testifying. In weighing the potentially influential nature of the unproven vulnerable victim allegation against the omitted prior prison term aggravating circumstance, we cannot say that the court would have imposed the same sentence had it correctly understood the applicable aggravating circumstances in this case.

The Attorney General notes the trial court stated at sentencing that it already gave "great deference" to mitigating information in dismissing one of Ayala's prior strikes and that "were it not for that mitigating information, Mr. Ayala would be sentenced to 25 years to life because that would be the only way the Court believes that children could be protected." The Attorney General also cites the trial court's statement at sentencing that it had "no options in between" a sentence of 25 years to life (with two prior strikes) and a sentence of 12 years (the upper term with one prior strike dismissed). However, the sentencing court "did not make the kind of definitive statements that . . . clearly indicate it would not impose a lesser sentence under any circumstances." (*Lynch*, *supra*, 16 Cal.5th at pp. 776-777.) The trial court, without any prompting from the prosecutor, raised the vulnerable victim allegation at sentencing, indicating this circumstance was significant to its sentencing decision. Ayala's counsel argued for imposing the middle term, and the trial court acknowledged that Ayala's case presented mitigating circumstances. Given the trial court's error in citing the aggravating circumstances, we would be forced to speculate to conclude what sentence the trial court would have imposed absent the error.

Even if the proper inquiry is whether it is "reasonably probable" the sentencing court would have elected a lesser sentence, our conclusion would be the same for the reasons stated above. The sentencing court relied on an unproven aggravating

10

circumstance that carried the potential to be influential given the nature of Ayala's conviction. The sentencing court acknowledged that Ayala's case contained mitigating information, and the sentencing court's statements did not demonstrate it would have reached the same conclusion in the absence of the improperly considered aggravating circumstance.

Because we conclude that the trial court's error prejudiced Ayala, we reverse and remand this matter to the trial court for a new sentencing hearing. We express no opinion regarding what sentence the court should impose on remand. On remand, "[t]he court retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence. [Citation.] If it cannot so conclude, it may impose no more than a middle term" for the count of which Ayala stands convicted. (*Lynch*, *supra*, 16 Cal.5th at p. 778.)

### III. DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for a new sentencing hearing.

_____
Greenwood, P. J.

WE CONCUR:


_____
Danner, J.


_____
Wilson, J.


H051894 - The People v. Ayala